# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KAREN REDMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-1235-CV-W-FJG-SSA |
| | ) |
| JOANNE BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before this Court is plaintiff's application for leave to file a civil action in forma pauperis (Doc. # 1). Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit. In <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. <u>Cross v. General Motors Corp.</u>, 721 F.2d 1152, 1157 (8th Cir. 1983), <u>cert. denied</u>, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to

give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's affidavit reveals that she is 39 and single with two dependents. Plaintiff is not presently employed, but was previously employed for thirty days with the IRS earning $1200.00 a month. Plaintiff does not own any real property, but does own a vehicle valued at $500.00. Plaintiff states that she has $3.00 cash on hand including checking and savings accounts. Plaintiff states that she receives welfare payments of $44.00 and that she also receives $579.00 in SSI benefits. Plaintiff lists the following monthly obligations: a $282.00 monthly rental payment, a $150.00 monthly grocery expense, $126.00 in utilities.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Therefore, the Court shall **GRANT** plaintiff's application for leave to file this civil action in forma pauperis.

Additionally, the Court finds that Plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B). The complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief.

Accordingly, it is hereby **ORDERED** that plaintiff's application for leave to file a civil action in forma pauperis (Doc. #1) is **GRANTED**, and plaintiff may pursue this action without prepayment of fees, costs or security. Because this case is included in the Case Management/Electronic Case Filing system, plaintiff's counsel shall

2

electronically file the Complaint within five (5) days of the date of this Order. It is further

**ORDERED** that plaintiff's counsel shall be responsible for serving process in the

manner described in Fed.R.Civ.P. 4(i).


                                                 **/S/ FERNANDO J. GAITAN JR.**
                                                 Fernando J. Gaitan, Jr.
                                                 United States District Judge

Dated:   December 29, 2005
Kansas City, Missouri